IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANGELA LOPEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>EXTENDED STAY AMERICA #7065 ESA P PORTFOLIO, LLC, ESA P PORTFOLIO OPERATING LESSEE, LLC, formerly known as ESA P PORTFOLIO OPERATING LESSEE, INC. as subsidiaries of ESH HOSPITALITY HOLDINGS, LLC, ESA MANAGEMENT LLC, successor in interest to HVM, LLC John Doe, ESA, LLC and EXTENDED STAY AMERICA, INC.,<br><br>　　　　　Defendants. | CV 16-150-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION FOR REMAND** |

Plaintiff Angela Lopez ("Plaintiff") initiated this negligence action in the Montana Thirteenth Judicial District Court, Yellowstone County, Montana on January 14, 2016. (Doc. 3.) Defendants Extended Stay America # 7065 ESA P Portfolio, LLC, ESA P Portfolio Operating Lessee, LLC, formerly known as ESA P Portfolio Operating Lessee, Inc. as subsidiaries of ESH Hospitality Holdings, LLC, ESA Management LLC, successor in interest to HVM, LLC John Doe, and Extended Stay America, Inc. (collectively "Defendants") filed a Notice of Removal on October 12, 2016, on the basis of diversity jurisdiction under 28

U.S.C. § 1332.  (Doc. 1.)  Judge Watters has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B).  (Docs. 8, 9.)  Presently before the Court is Plaintiff's Objection to Removal and Motion for Remand.  (Doc. 6.)  Defendants have filed a response.  (Doc. 7.)  Plaintiff did not file a reply, and the time for doing so has expired.  Therefore, this motion is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** Plaintiff's Objection to Removal and Motion for Remand be **DENIED**.

I.    BACKGROUND

Plaintiff alleges that on January 16 and 17, 2013, while she was staying at Defendants' hotel property, Extended Stay America # 7065, two individuals posing as law enforcement personnel were provided with her room number and key. (Doc. 3 at ¶¶ 1, 6.)  As a result, she was kidnapped and assaulted, and her companion, DeJuan Laster, was kidnapped and murdered.  (*Id.* at ¶¶ 11-12.)

Plaintiff filed this action in state court on January 14, 2016.  (Doc. 3.)  On September 14, 2016, a summons was issued by the Clerk of Court for Yellowstone County, Montana.  (Doc. 1-2.)  On September 19, 2016, defense counsel accepted service on behalf of Defendants via a Notice and Acknowledgment of Receipt of Summons and Complaint.  (Doc. 1-3.)  On October 12, 2016, Defendants removed the case to this Court.  (Doc. 1.)

Plaintiff claims that Defendants were aware of this action before the Summons and Complaint were officially served. (Doc. 6.) Plaintiff contends that on June 2, 2016, Defendants were made aware of the Complaint during the course of mediation in a companion case brought by the estate of DeJuan Laster. (*Id.*) Plaintiff also contends counsel for Defendants obtained a copy of the Complaint via email from the state court's clerk's office on or about June 2, 2016. (*Id.*)

## II. ANALYSIS

Plaintiff concedes that there is a basis for diversity jurisdiction in this action because there is complete diversity of citizenship and the requisite amount in controversy. (Doc. 6.) However, Plaintiff argues the Court should remand this action to state court because the Notice of Removal was untimely filed based on a "literal reading" of 28 U.S.C. § 1446. (*Id.*) Plaintiff contends Defendants were required to remove the case within 30 days of June 2, 2016. (*Id.*) Defendants counter that Plaintiff's argument has been squarely rejected by the United States Supreme Court.

> 28 U.S.C. § 1446(b) provides:
>
> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

In *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the United States Supreme Court held that service of process – and not actual notice – is what triggers the 30 day removal period under § 1446(b). The Court explained:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service.*

*Murphy Bros. Inc.*, 526 U.S. at 347-348 (emphasis added). *See also Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA*, 635 F.3d 1128, 1133 (9th Cir. 2011) (stating "actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run").

Under Montana law, service is deemed complete on the date the notice and acknowledgment is signed and dated by the defendant. Mont. R. Civ. P. 4(d)(3)(E). Here, Defendants signed the Notice and Acknowledgment of Receipt of Summons and Complaint on September 19, 2016. (Doc. 1-3.) Removal from the state court occurred 23 days later, on October 12, 2016. Accordingly, the action was timely removed.

## III.  CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiff's Objection to Removal and Motion for Remand (Doc. 6) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 28th day of March, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge